IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AGNES GLENN, in her capacity as the personal representative of the estate of Roderick Darius Rayshon Bolton, deceased, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 17-0194-CG-N ) |
| WALTER MYERS, et al., | ) |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant, MHM Correctional Services, Inc.'s ("MHM") Motion for Summary Judgment or alternatively, a partial judgment on the pleadings (Doc. 90), Plaintiff's opposition (Doc. 92), and MHM's reply (Doc. 93). For the reasons explained below, the Court finds that MHM's motion for summary judgment should be DENIED as premature. Further, MHM's Motion for Partial Judgement on the Pleadings is due to be GRANTED with respect to Plaintiff's § 1983 claim (Count 2) and DENIED with respect to Plaintiff's state law claims (Count 3 and 5).

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises from an incident at Holman Correctional Facility ("Holman") on September 12, 2015, wherein Roderick Bolton ("Bolton"), an inmate, committed suicide. (Doc. 75, generally). Bolton was a practicing Muslim who prior

1

to September 12, 2015, was involved in a number of instances resulting in his being punished by being placed in segregation for insubordination and/or failure to follow direct orders as a result of his refusal to shave, which he maintained was required by his religious beliefs. (*Id*. at 6-9). One of these instances occurred on September 11, 2015, which resulted in Bolton being placed in segregation at approximately 9 a.m. (*Id*. at 10). Plaintiff alleges that following his placement in segregation and prior to his suicide, Bolton informed Defendants, including Shelia Brown ("Brown") that he was having suicidal thoughts and ideation. Plaintiff's Complaint also identifies numerous other individuals who were allegedly in contact with or present before, during, or after Bolton's death. The individuals identified in Plaintiff's Complaint are allegedly employed by Corizon Health Inc., Corizon, LLC (hereinafter collectively "Corizon"), the Alabama Department of Corrections ("ADOC"), or MHM.[1]

On May 3, 2017, Plaintiff filed this action against fifteen Defendants (Doc. 1) and has since amended her complaint three times resulting in this action now being pending against twenty named Defendants, including MHM (Doc. 75). The Fourth Amended Complaint alleges claims against MHM for a violation of Bolton's Eighth Amendment rights pursuant to 42 U.S.C. § 1983, and negligence and wantonness

---

[1] The remainder of the facts leading up to and following Bolton's death are not pertinent to the limited scope of Defendant MHM's motion which addresses only the claims against MHM via the conduct of Brown and/or its other supervisors and employees and, therefore, the additional facts relating to other Defendants will not be memorialized herein.

under Alabama law based on the conduct of Brown and other MHM supervisors and employees who were involved in the care of Bolton. (Doc. 75; Doc. 92 at 2, 4-5). The claims against MHM stem from the fact that MHM provides mental health care services to inmates incarcerated in facilities operated by the ADOC, including Holman and the fact that Plaintiff was informed by another Defendant, Corizon Health, that Brown was an employee of MHM. (Doc. 92 at 2, 4; Doc. 92-2).

On June 2, 2017, MHM filed its Answer denying that Brown was an employee of MHM during the relevant period (Doc. 35; Doc. 92 at 6). Brown filed her Answer the same day and denied being employed by either Corizon or MHM, but did not identify her employer. (Doc. 33; Doc. 92 at 6). MHM reiterated that it did not employ Brown to Plaintiff at the Rule of Parties Planning Meeting on July 28, 2017. The same day, Plaintiff sought permission from MHM to file an amended complaint in order to correct a typo and in that correspondence acknowledged MHM's position, but again stated it needed time to perform due diligence on the issue of Brown's employment. (Doc. 92 at 7; Doc. 92-3). On August 3, 2017, counsel for MHM sent Plaintiff's counsel a letter restating there was no valid claim against MHM because Brown had not been employed by MHM since 2012. (Doc. 92 at 6; Doc. 90-4). Plaintiff responded to MHM that it would need to conduct discovery to determine the correct parties before dismissing MHM voluntarily. (Doc. 92 at 6). On August 21, 2017, MHM filed its Answer (Doc. 60) to the Second Amended Complaint denying Brown was an employee during the relevant time and on August

3

24, 2017, Brown filed her Answer repeating she was neither employed by Corizon or MHM, but not identifying her employer (Doc. 61). On August 28, 2017, MHM propounded its initial disclosures to Plaintiff which stated that Brown was employed by ADOC. (Doc. 92-4). On September 4, 2017, Plaintiff's counsel notified counsel for all Defendants that they were still trying to determine which Defendants belonged in the case, but that discovery was needed in order to do so. (Doc. 92-5). Thereafter, Plaintiff discovered that additional medical records existed and that additional medical personnel needed to be named as Defendants resulting in Plaintiff filing another motion for leave to amend the complaint (Doc. 63) to add those individuals. (Doc. 92 at 8). The Court granted the motion, and the Third Amended Complaint was filed on September 20, 2017 (Doc. 65). On October 3, 2017, Plaintiff moved to again amend the complaint to correct the identity of one of the individuals added in the Third Amended Complaint. (Doc. 92 at 9). MHM answered the Third Amended Complaint on October 3, 2017, denying Brown was employed during the relevant time. (Doc. 72). The Court then granted Plaintiff's motion for leave and the Fourth Amended Complaint was filed on October 16, 2017 (Doc. 75). On October 19, 2017, Brown answered the Fourth Amended Complaint (Doc. 80) which stated that Brown was an employee of ADOC during the relevant time period. MHM filed its answer to the Fourth Amended Complaint on October 30, 2017, again denying that it employed Brown during the relevant time period (Doc. 82).

On November 27, 2017, Plaintiff responded to MHM's interrogatories admitting that the only information Plaintiff had indicating that MHM was liable under Counts 2, 3, and 5, was Bolton's prison records which showed that he consulted with Brown prior to his death, that MHM provided mental health services to Holman prison in 2015, and that Brown was probably a MHM employee, despite being told otherwise by MHM's counsel. (Doc. 92 at 9-10). Plaintiff additionally informed MHM that it would engage in discovery on the issue of employment and would voluntarily dismiss the action against MHM if it was warranted. (*Id.*)

On December 14, 2017, MHM filed the instant Motion for Summary Judgment. (Doc. 90). The parties have briefed the issues fully (see Doc. 92 and 93) and the motion is now ripe before this Court.

## DISCUSSION

MHM asserts dismissal is warranted on two grounds: (1) because Plaintiff can prove no set of facts that MHM employed Brown at the time of Bolton's death such that it could potentially be vicariously liable for the actions of Brown on any claim, and (2) because even if summary judgment is premature, MHM is due partial judgment on the pleadings under Rule 12(c) with regard to any supervisors and/or employees other than Brown because Plaintiff has not identified any other potential employees on which MHM's liability may be based with respect to Plaintiff's state law claims (Counts 3 and 5) and because Plaintiff's § 1983 action (Count 2) based on vicarious liability fails as a matter of law. (Doc. 90 at 1-2). This Court will address

5

each argument in turn.

I. **Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted: "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting *Anderson*, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, at 249-250. (internal citations omitted).

The basic issue before the Court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. *O'Ferrell v. United States*, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party,

and resolve all reasonable doubts about the facts in its favor. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B&B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Company*, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response .... must be by affidavits or as otherwise provided in this rule be set out specific facts showing a genuine issue for trial." *Vega v. Invsco Group, Ltd.*, 2011 WL 2533755, *2 (11th Cir. 2011). "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the

record taken as a whole." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

Plaintiff does not dispute that she does not currently have any admissible evidence to support that Brown was an employee of MHM during the relevant time period. Rather, she argues, only that she has not yet had ample opportunity to conduct discovery to foreclose the issue and that she should be allowed to complete discovery pursuant to Rule 56(d). (Doc. 92 at 4, 13). In support of her position that discovery is necessary, Plaintiff points to the fact that (1) MHM has a contract with ADOC to provide mental health care services to Holman, (2) it is known that Brown, at one time, worked for MHM, (3) Bolton undisputedly saw Brown prior to his suicide, and (4) another Defendant informed Plaintiff that Brown worked for MHM. (Doc. 92 at 9-10). Plaintiff also contends that Brown could be employed by more than one employer, i.e., MHM and either Corizon or ADOC. (Doc. 92 at 16-20, generally). Lastly, Plaintiff points out that she has in no way been dilatory in conducting discovery despite the number of months that this action has been pending because the focus of Plaintiff has, until recently, been set on correctly identifying those persons with whom Bolton came into contact with at Holman prior to his death, i.e. those persons who may potentially be individually liable in this

8

action, prior to the deadline to amend the pleadings. (*Id.* at 4-11, generally). In that respect, Plaintiff states that at the time the subject motion was filed, she was working to schedule the necessary depositions and that she would voluntarily dismiss this action against MHM if discovery confirmed that Brown was not an employee, or co-employee of MHM at the time of Bolton's death and if no other MHM employees were liable. (Doc. 92 at 3).

In reply, MHM asserts that Plaintiff is not due relief pursuant to Rule 56(d) because she has not identified what specific facts she expects to discover through the discovery process that would justify discovery taking place and because she has, thus far, not been diligent in conducting discovery. (Doc. 93 at 2-3).

"As a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery." *Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841, 843 (11th Cir. 1989). However, "an adequate opportunity to complete discovery" does not mean that a motion for summary judgment made before the close of discovery is per se premature. *Walker v. JPMorgan Chase Bank, N.A.*, 987 F.Supp.2d 1348, 1352 (N.D. GA 2013) *citing e.g., Reflectone,* 862 F.2d at 843.

> Rule 56(f) specifically addresses the question of summary judgment before discovery has taken place. The party opposing summary judgment may move the court to permit the discovery necessary to oppose the motion. The party seeking to use rule 56(f) " 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts,' but rather he must specifically demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.' " *Wallace v. Brownell*

9

*Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983) (*quoting SEC v. Spence & Green Chem. Co.*, 612 F.2d 896 (5th Cir. 1980)).

*Reflectone,* 862 F.2d at 843-44. If the nonmovant shows it cannot present facts essential to justify its opposition, the district court may defer judgment, deny the motion, allow time for additional discovery, or issue any other appropriate order. Fed.R.Civ.P. 56(d).

In the present action, Plaintiff has specifically indicated that it needs to take the deposition of Brown and the corporate representative for MHM and conduct discovery on the issue of whether Brown was an employee or co-employee of MHM during the relevant time period in order to properly respond to MHM's assertions that it cannot prove any facts to support a vicariously liability claim against MHM based on Brown's actions or inactions.[2] This Court finds that Plaintiff should be permitted to conduct such discovery (if it has not already taken place), and that a ruling on MHM's motion is premature until such discovery has been conducted. However, based on the known information and the documentation previously voluntarily produced to Plaintiff, that is, Brown's Answer identifying her employer as ADOC and MHM's employee file on Brown indicating her employment ended years before Bolton's death occurred, this Court finds that Plaintiff should conduct the necessary discovery in a more timely fashion than the discovery deadline set

---

[2] A review of the docket sheet indicates that Plaintiff noticed depositions of Brown and MHM to take place on March 16, 2018. (Doc. 95) The Court presumes those depositions have taken place, however neither party has supplemented their filings to indicate what the discovery revealed about the employment status in question.

forth in the Rule 16(b) Scheduling Order - especially given Plaintiff's position that it will voluntarily dismiss MHM if warranted, as soon as the employment of Brown has been confirmed through discovery. As such, unless said discovery has already been accomplished, Plaintiff should conduct the needed discovery, including issuing the necessary written discovery and scheduling the required deposition(s) as soon as possible, but not later than in the next thirty (30) days.

## II. Motion for Judgment on the Pleadings

MHM alternatively asserts that if summary judgment is premature, then a partial dismissal of Counts 2, 3, and 5 pursuant to Federal Rule 12(c) is still warranted because Plaintiff has failed to state a claim upon which relief can be granted. (Doc. 90 at 8-9). More specifically, MHM asserts that Plaintiff's claim against it under 42 U.S.C. § 1983 (Count 2) fails as a matter of law because the only ground for Plaintiff's claim is that MHM is vicariously liable for the actions of Brown or, ostensibly other unknown employees and supervisors and neither vicarious liability or *respondeat superior* may be a basis for liability under § 1983. (*Id*. at 9). MHM additionally contends Plaintiff's state law claims (Counts 3 and 5) fail because Plaintiff's Complaint fails to set forth any facts which support that someone other than Brown acted wrongfully. (*Id*.)

Plaintiff argues that MHM's alternative motion for partial judgment on the pleadings is due to be denied as to the state law claims (Counts 3 and 5) because she has properly pled claims against MHM for the negligent and wanton conduct of

11

others who may be employed by MHM. More specifically, Plaintiff contends that she has properly asserted that MHM is vicariously liable for the negligent or wanton conduct of MHM's supervisor's and employees other than Brown because they breached the applicable standard of care owed to Bolton, negligently performed their duties to exercise reasonable care in the hiring, training, supervising, and retaining medical professionals, and because they acted indifferent to Bolton, knowing that injury would likely or probably result. (Doc. 92 at 21). Again, Plaintiff urges that it should be able to conduct discovery to determine the identity of other supervisors and employees of MHM and states that if MHM did not control any other such persons at the time of Bolton's death, then Plaintiff will voluntarily dismiss her vicarious liability claims against MHM. (*Id.* at 22). Plaintiff's Response does not specifically address whether or how her § 1983 claim against MHM is sufficiently pled or how MHM is liable pursuant to § 1983 based on something other than the vicarious liability of MHM's employees. In fact, given that Plaintiff repeatedly states she will dismiss all claims against MHM if discovery confirms that MHM does not employ Brown, it appears that Plaintiff agrees that its only federal claim against MHM pursuant to §1983 is based on vicarious liability.

Under Federal Rule of Civil Procedure 12(c), a party may make a motion for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial where a complaint "fail[s] to state a claim upon which relief can be granted." Federal Rule of Civil Procedure 12(b)(6) motions to dismiss standards

apply to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings. *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n. 8 (11th Cir.2002) (explaining that standard under both Rule 12(b)(6) and 12(c) is "whether the count state[s] a claim for relief").

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations in the light most favorable to the plaintiff and accept the allegations of the complaint as true. *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010). To avoid dismissal, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations and quotations omitted). The Court should not assess "whether a plaintiff will ultimately prevail but" consider "whether the claimant is entitled to offer evidence to support the claims." *Id*. at 583 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] well-

13

pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.' " *Id.* at 556. "The Supreme Court's *Twombly* formulation of the pleading standard "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Williams v. Henry*, 2009 WL 3340465, at *2 (S.D. Ala. Oct. 15, 2009) (citations and internal quotations omitted). "A district court may properly dismiss a complaint if it rests only on 'conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts.' " *Magwood v. Sec'y, Florida Dep't of Corr.*, 652 F. App'x 841, 843 (11th Cir. 2016), cert. denied sub nom. *Magwood v. Jones*, 137 S. Ct. 675 (2017) (quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)).

Plaintiff's Fourth Amended Complaint contains sixty-four paragraphs of factual information which is the basis of her claims against MHM pursuant to § 1983 (Count 2) and under state law for medical negligent malpractice and wantonness (Counts 3 and 5). With regard to the state law negligence claim against MHM, Count 3 states in pertinent part as follows:

> 101.1  MHM, its supervisors, and its employees (including Brown) negligently breached that duty by: (a) failing to timely diagnose and treat Roderick's suicidal tendencies and mental illnesses;(b) failing to order protection for Roderick after he manifested suicidal tendencies and mental illnesses, including failing to place him in a monitored cell where suicide was impossible; (c) failing to order appropriate medical and psychiatric treatment for Roderick's suicidal tendencies and mental illnesses; (d) failing to timely and appropriately have Roderick tested, diagnosed and treated, at a hospital

14

> or other appropriate facility or otherwise for his dangerous suicidal tendencies and mental illnesses.
>
> 101.2. Corizon and MHM undertook a duty to the inmates at Holman prison to act with reasonable care in hiring, training, supervising, and retaining medical professionals, whether as employees or contractors, who are reasonably competent to provide health care to inmates. They negligently performed these duties because they negligently hired, trained, retained, and supervised Brown and others. By negligently hiring, training, retaining, and supervising Brown, Corizon and MHM negligently created an environment where this tragedy was foreseeable to occur.

(Doc. 75 at 21). MHM argues that Plaintiff has insufficiently pled her state law claims because she has failed to identify *by name*, the specific employees or supervisors of MHM who committed the actions described above and detailed throughout the factual allegations of the Complaint. MHM's argument is not compelling.[3] Rather, a review of the factual allegations and the state law claims sufficiently state a claim against MHM based on vicarious liability for the actions of its employees and supervisors regardless of whether the identities of those employees are known.[4] For the same reasons, Plaintiff has additionally satisfied the pleading requirements for the accompanying state law claim for wantonness

---

[3] It is worth noting that MHM does not contend that the Complaint is insufficiently pled with respect to Brown, thereby acknowledging that, but for the lack of names of other employees, Plaintiff has sufficiently pled her state law claims.

[4] MHM also argues that because Plaintiff cannot identify any other known employees who committed the actions alleged, that she is attempting to get around fictitious party pleading. However, Plaintiff's position is not compelling because Plaintiff is not seeking to conduct discovery to identify employees in an effort to then hold them in individually liable for the actions detailed in the complaint. Rather, Plaintiff is seeking to hold MHM liable for its employees' actions based on vicarious liability and/or *respondeat superior*.

(Count 5).

However, with regard to Plaintiff's § 1983 claims, MHM's position is compelling. While Plaintiff can sufficiently plead a claim for negligence/wantonness based on vicarious liability or *respondeat superior* without identifying every employee involved, the same is not true for § 1983 claims, because no matter which employee may be identified through discovery, MHM cannot be liable for a § 1983 claim based only on the basis of vicariously liability.

It is well established in the Eleventh Circuit that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 & 694 n. 58 (1978). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of respondeat superior. *See Kruger v. Jenne,* 164 F. Supp. 2d 1330, 1333–34 (S.D. Fla. 2000) (*citing Powell v. Shopco Laurel, Co.*, 678 F.2d 504 (4th Cir. 1982)) Instead, supervisory liability under § 1983 occurs when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional violation. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). A

government entity[5] may be liable in a § 1983 action "only where the [government entity] itself causes the constitutional violation at issue." *Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla.*, 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Thus, a plaintiff must establish that an official policy or custom of the government entity was the "moving force" behind the alleged constitutional deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693-94 (1978). Because Plaintiff's Complaint does not state any other ground on which MHM may be liable pursuant to § 1983, other than through the actions of its employees, and because Plaintiff's Complaint fails to identify any policy or custom creating the required causal connection between MHM and its employee(s), Plaintiff's § 1983 claim against MHM fails as a matter of law. Stated differently, considering all of the facts plead in Plaintiff's Complaint as true, Plaintiff has not properly plead a §1983 claim against MHM.

CONCLUSION

For the reasons stated above, MHM's Motion for Summary Judgment (Doc. 90) is premature and is DENIED without prejudice. Unless Plaintiff has already

---

[5] Although MHM is not a governmental entity, "[w]here a function which is traditionally the exclusive prerogative of the state... is performed by a private entity, state action is present" for purposes of § 1983. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (citations omitted). Indeed, "when a private entity...contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state" and "becomes the functional equivalent of the municipality" under section 1983. *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997).

conducted the necessary discovery, Plaintiff is ORDERED to do so as soon as possible, but not later than in the next thirty (30) days. MHM may refile its summary judgment motion and reassert the arguments contained therein after Plaintiff has had an opportunity to engage in discovery as set forth herein above, should such a motion still be warranted. Further, MHM's Motion for Partial Judgment on the Pleadings is GRANTED with respect to Plaintiff's § 1983 claim (Count 2) and DENIED with respect to Plaintiff's state law claims (Count 3 and 5). Lastly, based on the conclusions stated herein above, this Court finds that attorney's fees and costs are not warranted at this time.

**DONE** and **ORDERED** this 7th day of June, 2018.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE